ISUMU LEAPAGA of Nu'uuli, Appellant

v.

MASALOSALO of Nu'uuli, Appellee

## No. 27-1962

## High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Taufusi" near Nu'uuli]

## December 26, 1962

Isumu Leapaga, *pro se.*
Masalosalo, *pro se.*

ROEL, *Associate Justice.*

This is an appeal from the Decree rendered by the Trial Division of the High Court of American Samoa in the case of *Masalosalo, Plaintiff v. Isumu Leapaga, Defendant* [Civil Trial No. 23-1962]. The case was originally heard at Fagatogo, American Samoa, on September 27, 1962. The decision of the Trial Court was rendered and the Decree entered on October 10, 1962. The Decree ordered the Defendant, Appellant herein, to discontinue the construction of his house on the land Taufusi and also ordered him to vacate such land within seven (7) days from the date of the Decree. From this decision the Defendant, Appellant herein, appealed.

In his notice of appeal the Appellant sets out five (5) grounds why the Decree of the Court below should be re-examined and reversed. Point No. 1 asserts that Appellant has lived 30 years in the Masalosalo Family land and that there is no custom of assigning lands to individuals in the Masalosalo Family. Point No. 2 asserts that Masalosalo did not assign the land Taufusi to Nofo and her children. In Point No. 3, Appellant strongly objects to Nofo's testimony in the trial below to the effect that she had been beaten up by Appellant's wife, Mao. He states that Nofo's testimony should be ignored and questions Nofo's sanity. Appellant also denies that he used vile language against Nofo. In Point No. 4 Appellant asserts that the construction of the house should be continued because his wife, Mao, is a blood member of the Masalosalo Family and also Nofo's adopted daughter. He says that since he is married to Mao and has eight children and has lived in the

869

Masalosalo Family for 30 years, he should be considered a legal member of the family. Appellant's fifth point deals with a request that this Court allow his wife, Mao, to testify before this Court during the hearing on appeal.

Appellant argued before this Court for one hour and fifteen minutes in making his presentation. Most of his argument was a repetition of the testimony which he had given in the trial below and made a part of the record. Appellee on the other hand took no more than three (3) minutes to present his answer to Appellant's arguments.

The Court went to great lengths at the beginning of the hearing to familiarize both parties with the Rules of Procedure to be followed at the hearing and with regard to the fact that the Appellate Division was bound by the findings of fact of the Court below unless the Appellate Court was of the opinion that such findings of fact were *clearly erroneous*. Section 3.0503 of the Code of American Samoa, 1961 Edition, reads as follows:

"POWERS ON APPEAL OR REVIEW: The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial . . . Division of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous. . . ."

Nowhere did the Appellant, either in stating his grounds of appeal nor in his oral arguments, claim, much less prove, that the lower Court's findings of fact were clearly erroneous, or that the evidence did not support the findings.

In reviewing appellant's points of contention for reversal, let us consider appellant's points one by one. With regard to Point No. 1, the evidence in the Court below was

incontrovertible that Masalosalo had assigned the land Taufusi to Nofo and her children. In discussing this point with the Samoan judges, they say that the matai, as head of the family, has always had the "Pule" over the land of the family, and that he customarily assigns a certain piece of land to an individual member by showing him a certain area in the village and giving him permission to build his fale thereon. Appellant, while asserting that Taufusi was not assigned to Nofo and her children, has certainly not shown that the land was assigned to him. As a matter of fact he stated to this Court, as he did in the trial below, that he and his family have another house on Masalosalo land in the Village of Nu'uuli. The Court below made a finding that Taufusi had been assigned by Masalosalo to Nofo and her children, and nothing in this hearing convinces us otherwise.

Appellant's Point No. 2 contends that Masalosalo did not assign the land Taufusi to Nofo and her children. We believe that nothing brought out by Appellant in the instant hearing even remotely indicates that the lower Court made any error at all, much less a clearly erroneous finding, when it found as a matter of fact that the land Taufusi had been assigned by Masalosalo to Nofo and her children.

Appellant's Point No. 3 does not set out any error on the part of the Court below but merely quarrels with the record as to Nofo's testimony that Appellant's wife, Mao, had beaten her up and that he, the Appellant, had used vile language against Nofo. Nofo, testifying personally in the Court below, related the quarrel and the beating by Mao and the use of vile language by Appellant. Nofo's testimony was corroborated by the testimony of Masalosalo who stated that Nofo after being beaten up had come to complain to him as matai of the family. According to the record, Appellant did not even bother to cross-examine

Nofo at the trial below after she gave her testimony. We believe the Court below was in a much better position to make a finding of fact as to this point, and we are convinced that it decided it correctly. The Court below saw the witnesses testify and had a good opportunity to observe their demeanor.

In connection with Appellant's Point No. 4 wherein he contends that he should be allowed to complete his house in Taufusi because his wife is a blood member of the Masalosalo Family and Nofo's adopted daughter and because after living for 30 years in the Masalosalo Family he, the Appellant, should be considered a legal member of the family, the Court finds that the decree of the Court below restraining Appellant from continuing construction of the house and evicting Appellant from Taufusi was sound. It was brought out in the trial below and again on appeal that although Appellant has lived in the Masalosalo Family for 30 years he has never rendered services to Masalosalo as the matai of the family. The fact that Appellant has lived in the family 30 years does not per se make him a legal member of the family, and it certainly does not relieve him from rendering services to the matai, as is required under Samoan customs. He is a married man to the family under Samoan customs. As head of the family, a matai has the right to evict from the family land not only a married man but even a blood member if such blood member refuses to render services to the matai in accordance with Samoan custom. As stated before, the evidence in the lower Court and the arguments before this Court indicate that Appellant and family have a house to live in on the Masalosalo family land in the Village of Nu'uuli.

In connection with Appellant's Point No. 5, this Court disallowed Appellant's request that his wife, Mao, be

872

allowed to testify at the hearing before this Court. This Court found that Appellant never called his wife as a witness in the trial below, nor did the Appellant request a continuance from the Court below so as to have his wife available as a witness. It would hardly seem advisable for this Court to allow either party to present witnesses to testify for the first time before this Appellate Court. If such a practice were allowed, what is to keep the other party from producing one or more or a whole village full of witnesses to testify before this Court after a decision by a trial court. Under these circumstances, a litigant or all parties to a controversy would be encouraged to present just the minimum evidence and testimony deemed necessary to prevail in the Trial Court and reserve the rest of the evidence in case of a necessary appeal from such a decision, at which hearing both the prevailing party below and appellant or appellants could then present the rest of their evidence. Such procedure appears to us to be untenable and intolerable. We believe that Appellant had ample opportunity to put on all the evidence or witnesses necessary at the trial below and that if he required more time to produce such evidence or witnesses, the Court below would have allowed such time upon a motion for continuance.

This Court, after considering the transcript of the trial below and the arguments of Appellant and Appellee before this tribunal, finds that there was no clearly erroneous finding of fact by the Trial Court. Neither did Appellant convince this Court that the evidence below did not support the finding or findings of the Court below. This Court is of the unanimous opinion that the findings of the Court below are fully supported by the evidence, and finds no reason whatsoever for disturbing the Decree of the Trial Court.

It is ordered that the Decree of the Trial Court be, and the same is hereby, affirmed.

Court costs in the amount of $8.50 are hereby assessed against the Appellant, Isumu, the same to be paid within 30 days.

Decree affirmed.